IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KYLE GREENLEE, Plaintiff, | § | |
| | § | |
| v. | § | No. 3:25-CV-02203-X-BW |
| | § | |
| NICK WICKLIFFE, et al., Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and Special Order 3, this pro se civil action was referred to the United States magistrate judge for judicial screening including the entry of findings and a recommended disposition where appropriate. Based on the relevant filings and applicable law, the Court should **DISMISS** this civil rights action without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute or follow orders of the Court.

## I. BACKGROUND

Plaintiff Kyle Greenlee filed this civil rights action on August 15, 2025, while detained at the Navarro County Jail in Corsicana, Texas. (*See* Dkt. No. 3 at 1, 6.) He alleges that jail officials failed to investigate a PREA complaint, interfered with his grievance, and violated his privacy by monitoring the shower area with a security camera. (Dkt. No. 3 at 3-4.) Because it appeared from available records that

Greenlee was no longer in custody[1], and he had not updated his address in accordance with the Court's local rules, the Court issued an Order Requiring Plaintiff to Inform Court of Intent to Proceed on July 28, 2026. (*See* Dkt. No. 6.) By that order, Greenlee was required to file a Notice of Intent to Proceed by August 15, 2026, if he wished to proceed in this case. (*See id.* at 1.) He was advised that failure to file a Notice of Intent to Proceed and report his current address could result in a recommendation that this action be dismissed for failure to prosecute and follow court orders. (*See id.* at 2.) The date to comply has now passed, and the Court has received no additional communications from Greenlee.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with [a Federal Rule of Civil Procedure or] a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Further, a court's authority under Rule 41(b) is not diluted merely because a party proceeds pro se, as "[t]he right of self-representation does not exempt a party

[11] *See* Navarro County Jail Inmate Roster, *available at* http://jailroster.ncsotx.org/ (last visited July 27, 2026); *see also* Navarro County Court Records showing Case No. C40580-CR against Greenlee was dismissed, *available at* https://portal-txnavarro.tylertech.cloud/PublicAccess/(last visited July 27, 2026.).

from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019).

Greenlee has failed to comply with the Court's order to file a Notice of Intent to Proceed and to update his address, despite a warning that failure to comply could result in a recommendation that this action be dismissed. By not complying with the Court's order, Greenlee prevents this action from proceeding and has failed to prosecute this lawsuit. Accordingly, the Court should exercise its inherent power to prevent undue delays in the disposition of pending cases and dismiss this action without prejudice under Rule 41(b) for failure to prosecute or follow court orders.

## III. RECOMMENDATION

Because Greenlee failed to comply with the Court's July 28th order, the Court should **DISMISS** this civil rights action without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute or follow orders of the Court.

**SO RECOMMENDED** on August 24, 2026.

BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).